**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
                                                    :
DANIELLE KIO, on behalf of herself and all          :
others similarly situated,                          :
                                                    :
                    Plaintiff,                      :    Civil Action No.
                                                    :
vs.                                                 :    **CLASS ACTION COMPLAINT AND**
                                                    :    **JURY TRIAL DEMAND**
FRONTLINE ASSET STRATEGIES, LLC,                    :
                                                    :
                    Defendant.                      :
                                                    :
                                                    :
                                                    :
————————————————————— X

Plaintiff DANIELLE KIO (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant FRONTLINE ASSET STRATEGIES, LLC  its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.        This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.        Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.        As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.        Plaintiff demands a jury trial on all issues.

## PARTIES

6.        The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.        Plaintiff is a natural person and resident of Union County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.        Based upon information and belief Defendant FRONTLINE ASSET

STRATEGIES, LLC ("FRONTLINE") is a Minnesota Limited Liability Company with

its principal place of business located at 2700 Snelling Avenue N, Suite 250, Roseville, MN 55113.

9.      Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.      FRONTLINE is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. FRONTLINE operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant FRONTLINE was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

## CLASS ACTION ALLEGATIONS

11.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.      This Action is properly maintained as a class action. The Class consists of:

•      All New Jersey consumers who were sent letters and/or notices from Defendant in a form substantially similar to attached Exhibit A and which

included the alleged conduct and practices described herein.

The Class period begins one year prior to the filing of this Action,

inclusive. The class definition may be subsequently modified or refined.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether Defendant violated various provisions of the FDCPA.

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and

    are entitled to restitution as a result of Defendant's

    wrongdoing, and if so, what is the proper measure and

    appropriate statutory formula to be applied in determining such

    damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory

    and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs
complained of herein.  Absent a Class Action, class members will
continue to suffer losses of statutory protected rights as well as
monetary damages.  If the Defendant's conduct is allowed to proceed
without remedy it will continue to reap and retain the proceeds of its
ill-gotten gains;

• Defendant have acted on grounds generally applicable to the entire
Class, thereby making appropriate final injunctive relief or
corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is
defined by 15 U.S.C. §1692a(3).

15.    Defendant collects and attempts to collect debts incurred or alleged to
have been incurred for personal, family or household purposes on behalf of creditors
using the United States Postal Service, telephone and/or the Internet.

16.    Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17.    Sometime prior to April 4, 2019, Plaintiff allegedly incurred a financial
obligation to SoFi Lending Corp. ("SoFi") related to a personal loan with an account
number ending in 1839.  ("the Debt").

18.    The Debt arose out of a transaction in which money, property, insurance
or services, which are the subject of the transaction, are primarily for personal, family or
household purposes.

19.    The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     Sofi is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     Based upon information and belief, sometime prior to April 4 2019, Sofi either directly or through intermediate transactions assigned, placed, sold or transferred the Debt to LVNV Funding, LLC ("LVNV") who became the new owner of the Debt.

22.     Subsequently, LVNV either directly or through intermediate transactions assigned, placed, or transferred the Debt to Defendant FRONTLINE for purposes of collection.

23.     At the time the Debt was assigned, placed, and or or transferred to Defendant FRONTLINE for collection, the Debt was in default.

24.     Defendant caused to be delivered to Plaintiff a letter dated April 4, 2019 concerning the Debt, which sought to collect an amount owed of $23643.55.  Attached as **Exhibit A** is a copy of the April 4, 2019 collection letter.

25.     The April 4, 2019 collection letter was Defendant's initial communication to Plaintiff for the Debt.

26.     The April 4, 2019 collection letter were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.     The April 4, 2019 collection letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

28.     The April 4, 2019 collection letter was sent to Plaintiff at her home address in New Jersey.

29.     Upon receipt, Plaintiff read the April 4, 2019 collection letter.

30.     The April 4, 2019 collection letter contained the following language:

If a creditor or debt collector receives a money judgment against you in court,

state and federal laws may prevent the following types of income from being taken to pay the debt:

1) Supplemental security income (SSI); 2) Social security; (3) Public assistance (welfare); (4) Spousal support, maintenance (alimony) or child support; (5) Unemployment benefits; (6) Disability benefits; (7) Workers' compensation benefits; (8) Public or private pensions (9) Veterans benefits; (10) Federal student loans, federal student grants, and federal work study funds; and (11) Ninety percent of your wages or salary earned in the last sixty days.

("Judgment Exemption Language")

31.    The Judgment Exemption Language contained in the collection letter is based upon the law in the state of New York and not New Jersey.

32.    Furthermore, the Judgment Exemption Language is not totally true in New Jersey since, for example, private disability benefits may be taken to pay a debt.

33.    Similarly, New Jersey law does not provide for an exemption of ninety percent of wages or salary earned in the last sixty days.

34.    Thus, the Judgment Exemption Language is false, deceptive and/or misleading since it may lead the least sophisticated consumer to believe that certain types of income may be exempt from garnishment when in fact they are not.

35.    Furthermore, the April 4, 2019 collection letter states that:

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations

("Credit Reporting Language").

36.    Based upon information and belief, the current account owner had reported the Debt to one or more credit reporting agencies at the time the April 4, 2019 collection letter was sent.

37.    Additionally, the April 4, 2019 collection letter indicates that the Total

Due as of Charge-off was $23643.55

38.    However, based upon information and belief, the Charge-off amount was not in fact $23643.55.

39.    Also, the April 4, 2019 collection letter, which was Defendant's first letter to Plaintiff contains two addresses:   one in Concord, California and the other one in Roseville, Minnesota.

40.    Yet, the collection letter does not inform Plaintiff which of the two addresses to use to dispute the letter or seek debt verification under section her rights under section 1692g of the FDCPA.

41.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

42.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

43.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

44.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45.    Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

46.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection

efforts.

47.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

48.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

49.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

50.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

51.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

52.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

53.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and/or B**, which violate the FDCPA, by *inter alia*:

        (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

        (b)    By making false representations of the character or legal status of a debt; and

        (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

54.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

55.     Plaintiff repeats the allegations contained in paragraphs 1 through 54 as if the same were set forth at length.

56.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

57.     By sending a collection letter, the same as or substantially similar to the April 4, 2019 collection letter, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

E.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

G.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

H.  15 U.S.C. §1692g(a) by failing to give a written notice including the required information; and, failing to clearly identify where disputes should be sent.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
       April 3, 2020

                             Respectfully submitted,

                        By: s/ Lawrence C. Hersh
                           Lawrence C. Hersh, Esq.
                           17 Sylvan Street, Suite 102B
                           Rutherford, NJ  07070
                           (201) 507-6300
                           *Attorney for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

     I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.

Dated: April 3, 2020          By: s/ Lawrence C. Hersh
                               Lawrence C. Hersh, Esq

EXHIBIT A

DEPT 473    2496951819044
PO BOX 4115
CONCORD CA  94524

RETURN SERVICE REQUESTED

DANIELLE KIO
████████████

**FRONTLINE**
ASSET STRATEGIES

2700 Snelling Ave N.
Ste 250
Roseville, MN 55113
Hours of Operation:
M-Th 7am-9pm CST, Fri 7am-8pm CST,
Sat 8am-12pm CST
Toll Free: 877-258-1590
Web: www.frontlineas.com
Payment Site: www.payfrontline.com

| FAST # | Current Creditor | Original Creditor | Original Creditor # | Total Due |
|---|---|---|---|---|
| ███466 | LVNV Funding, LLC | Sofi Lending Corp. | xxx1839 | $23643.55 |

| Last Pay Date: | Total Due as of Charge-off: | Total Interest Accrued Since Charge-off: | Total non-interest Charges or Fee Accrued Since Charge-off: | Total Paid on Debt Since Charge-off: |
|---|---|---|---|---|
| 09/22/2018 | $23643.55 | $0.00 | $0.00 | $0.00 |

Date: 04/04/2019

Dear Danielle Kio:

Your account has been placed with our office for collection. You owe $23643.55.

We are here to help.    You may pay online at www.payfrontline.com, use Live Chat from our website www.frontlineas.com or call us at 877-258-1590.

Sincerely,
Andrew Stough
877-258-1590
Frontline Asset Strategies, LLC

Debt Collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
The use or threat of violence; the use of obscene or profane language; and repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1)   Supplemental security income, (SSI); 2) Social security; (3) Public assistance (welfare); (4) Spousal support, maintenance (alimony), or child support; (5)Unemployment benefits; (6) Disability benefits; (7) Workers' compensation benefits; (8) Public or private pensions; (9) Veterans' benefits; (10) Federal student loans, federal student grants, and federal work study funds; and (11) Ninety percent of your wages or salary earned in the last sixty days.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations.  This notice in no way affects any rights you may have.

### PLEASE SEE REVERSE SIDE / ADDITIONAL PAGES FOR IMPORTANT CONSUMER NOTICES

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, in writing, of this office within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

City of New York, Department of Consumer Affairs License Number is 1301837.

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |
| CACV of Colorado, LLC | CACH, LLC | Sherman Originator LLC |
| Sherman Originator III LLC | | |

**Information We May Collect**. The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information**. At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.